### In re the Petition for DISCIPLINARY ACTION AGAINST William D. SCHUTTER, an Attorney at Law of the State of Minnesota.

#### No. C2–89–1260.

Supreme Court of Minnesota.

Sept. 21, 1992.

#### ORDER

In an order dated November 16, 1989, this court indefinitely suspended William D. Schutter from the practice of law for Schutter's admitted neglect of nine medical malpractice cases and several other litigation matters. In that order, this court held that Schutter could not petition for reinstatement before July 1, 1991, and that Schutter could apply for reinstatement at that time only upon a showing that he had satisfied a number of conditions imposed by the court. On July 10, 1991, Schutter served and filed his petition for reinstatement in this matter. The Director of the Office of Lawyers Professional Responsibility then commenced an investigation pursuant to Rule 18, Rules on Lawyers Professional Responsibility. Upon completion of the Director's investigation, this matter came on for hearing before a Panel of the Lawyers Professional Responsibility Board.

On August 24, 1992, the Panel filed its Findings of Fact, Conclusions and Recommendation in this matter in which the panel concluded, among other things, that Schutter has undergone a sufficient moral change to be reinstated to the practice of law and was remorseful for the harm he had caused his clients. The panel recommended that this court reinstate Schutter and place him on supervised probation for a period of 2 years, subject to certain restrictions. The Director concurs with the panel's recommendation and the parties request that this court decide this matter without briefing or further proceedings.

In consideration of the Director's Report and Conclusions of Investigation, the Panel's Findings of Fact, Conclusions and Recommendation, and the filings and record herein, IT IS HEREBY ORDERED:

1. That the petition for reinstatement to the practice of law of William D. Schutter hereby is granted subject to the following conditions:

a. With regard to the clients Schutter deceived and/or whose files Schutter neglected, Schutter shall make diligent efforts to contact each client and provide the client and/or the client's affected family members a copy of this reinstatement order.

b. With regard to the clients Schutter deceived and/or whose files Schutter neglected, Schutter shall make payments to each client in an amount equal to the greater of (1) $2,000 or (2) the out-of-pocket expenses incurred by the client attributable to Schutter's misconduct, including but not limited to the cost of counseling, attorney fees to review and evaluate the neglected case, and expert witness evaluation fees. If Schutter and his clients cannot agree on the amount of out-of-pocket expenses, Schutter shall submit the matter to mediation and/or binding arbitration in accordance with the panel's recommendation. The payments described herein shall not preclude or affect any civil claim the clients may have against Schutter.

c. Until further order of this Court, Schutter shall not represent clients in the areas of medical malpractice, personal injury, products liability, or related areas.

d. Until further order of this Court, Schutter shall not engage in the solo practice of law.

e. Schutter shall maintain malpractice insurance.

2. That, upon reinstatement, Schutter shall be placed on supervised probation for

a period of 2 years subject to the following conditions:

a. Schutter shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Schutter shall provide to the Director the names of four attorneys who have agreed to be nominated as Schutter's supervisor within 2 weeks from the date of this order. If, after diligent effort, Schutter is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, Schutter shall provide, on the first day of each month, an inventory of active client files to the Director as is described below. Schutter shall make active client files available to the Director upon request.

b. Schutter shall cooperate fully with the supervisor in the supervisor's efforts to monitor Schutter's compliance with this probation. Schutter shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Schutter shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. The supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.